## NEW YORK CORNICE & SKYLIGHT WORKS v. ZIPKIN.

### (Supreme Court, Appellate Term. January 8, 1909.)

1. SET-OFF AND COUNTERCLAIM (§ 57*)—JUDGMENT.

Where, in an action for $300, balance due for work and materials furnished under a written contract, defendant counterclaimed for $285 for the failure of plaintiff to perform the work according to the contract, and the evidence, taken in the most favorable view for defendant, established the claim of plaintiff, a judgment for defendant for the full amount of the counterclaim was erroneous, for plaintiff was entitled to $300, less the amount of the counterclaim.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 128; Dec. Dig. § 57.*]

2. APPEAL AND ERROR (§ 1178*)—DISPOSITION OF CAUSE ON APPEAL.

While the appellate court has power to modify a judgment, it will grant a new trial where the circumstances require it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4604, 4605; Dec. Dig. § 1178.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the New York Cornice & Skylight Works against David Zipkin. From a judgment for defendant, rendered in the Municipal Court, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Nathan Friedman, for appellant.
Arnstein & Levy, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM.  Plaintiff claims $300 balance due for work, materials, etc., furnished under a written contract.  Defendant counterclaims $285 for the failure of plaintiff to perform the work according to contract.  The court found in favor of defendant, and allowed defendant the full amount of the counterclaim (i. e., $285), for which sum, with costs, judgment was given for defendant.  Plaintiff appeals.

Inasmuch as the evidence, taken in the view most favorable to defendant, shows that plaintiff is entitled to $300, less the defendant's counterclaim of $285, the plaintiff was entitled to judgment for $15. While the appellate court has the power to modify the judgment, still, under the circumstances presented, we think a new trial should be granted.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.